UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERYL BULLARD,

    Plaintiff,

v.                                                                                  CASE NO.:

TOWER IMAGING, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHERYL BULLARD ("Ms. Bullard" or "Plaintiff") files this Complaint against Defendant, TOWER IMAGING, LLC A Florida Limited Liability Company ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Hillsborough County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her own serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant as a Medical Receptionist from March 27, 2017, until October 17, 2019.

8. In all respects, Plaintiff was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

9. Toward the conclusion of her employment, Plaintiff necessitated intermittent FMLA medical leave and applied for same.

10. Plaintiff provided appropriate FMLA paperwork and documentation describing the need for her FMLA leave, and how often she required same.

11. Despite the foregoing, Defendant's management refused to allow Plaintiff the amount of FMLA intermittent leave prescribed by her medical team and interfered with Plaintiff's ability to use same.

12. To that end, Plaintiff was disciplined by Defendant for taking intermittent medical leave that should have been, and was, FMLA protected.

13. Plaintiff was subsequently suspended and terminated for utilizing what should have been protected FMLA leave.

14. The timing of Plaintiff's termination and Defendant's reason for same, demonstrates that Defendant interfered with and retaliated against Ms. Lorie for using her approved FMLA leave.

15. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff for her use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

16. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

17. The timing of Plaintiff's use of her protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected FMLA leave, and the illegal actions taken against her by Defendant.

18. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of FMLA protected leave.

19. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

20. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

### **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22. At all times relevant hereto, Plaintiff was protected by the FMLA.

23. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

24. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

25. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

30. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave.

31. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to take approved leave pursuant to the FMLA.

32. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 12th day of November 2019.

Respectfully Submitted,

By**:/s *NOAH E. STORCH***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com